UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNEN HILL,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE G. BUNCH, III,<br><br>Defendant. | Civil Action No. 24-1445 (JDB) |

**JOINT MEET & CONFER REPORT IN ACCORDANCE WITH LCvR 16.3**

Pursuant to Fed. R. Civ. P. 26(f), 16(b)(a)(A) and LCvR 16.3(c), the parties report the following:

A. **Statement of the Case**

1. **Plaintiff's Statement:** Plaintiff Shannen Hill alleges that Defendant, her former employer, discriminated against her on the basis of her race, national origin, and age, and retaliated against her for engaging in protected activities opposing discrimination, by subjecting her to a hostile work environment and terminating her employment.

2. **Defendant's Statement:** Defendant denies it discriminated or retaliated against plaintiff. Plaintiff was an independent contractor for the Smithsonian whose contract was not renewed due to her unsatisfactory performance. Plaintiff was not subject to a hostile work environment.

B. **Joint Proposed Scheduling Plan**

    1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should**

1

**recommend to the Court that discovery or other matters should await a decision on the motion.**

No dispositive motion has been filed as of this report. Defendant intends to file a motion for summary judgment at the appropriate time, and therefore believes discovery should be postponed. It is Plaintiff's position that discovery should proceed.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not anticipate joining any other parties or amending the pleadings at this time. Plaintiff does not believe there are factual or legal issues which can be agreed upon or narrowed at this time. Defendant agrees.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree upon assignment to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

Plaintiff is open to additional settlement discussions, and while there is a chance that the case may be settled, Plaintiff does not believe discovery should be delayed. Defendant is also open to settlement discussions, but believes that discovery should be stayed while the parties pursue settlement and/or participate in mediation.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Counsel for Plaintiff has considered the relevant criteria, and Plaintiff has participated in settlement discussions before the administrative body and the parties made some progress, but not enough to delay discovery. Plaintiff and counsel remain open to continued settlement discussions and open to revisiting the possibility of mediation before a Magistrate. Defendant is also open to settlement discussions and mediation, but believes that discovery should be stayed while the parties pursue settlement and/or participate in mediation.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff does not believe this case is amenable to dismissal by dispositive motion. Defendant intends to file a motion for summary judgment at the appropriate time.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiff stipulates to dispense with initial disclosures. Defendant agrees.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff requests fulsome discovery, and due to Counsel's schedule, a discovery deadline approximately 5 months from the date of the Initial Conference, with 30 interrogatories, 30 requests for production of documents, and 10 depositions. As this matter involves medical

records and other personal information, Plaintiff believes a protective order is appropriate. Defendant agrees.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Defendant videotaped or otherwise recorded several meetings relevant to this case. Plaintiff will seek these recordings in viewable format. Plaintiff anticipates seeking discovery of electronic documents in converted-.pdf format with the right to production of native documents as appropriate. Defendant agrees.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Plaintiff would agree to an order specifying procedures consistent with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff proposes that expert discovery be conducted after dispositive motions have been decided to avoid unnecessary expense. Defendant agrees.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof,**

>   dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

>   **13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff does not believe that discovery or trial should be bifurcated at this time. Defendant agrees.

>   **14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the pretrial conference and trial date should be set at the close of discovery.

>   **15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the pretrial conference and trial date should be set at the close of discovery.

>   **16. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have no additional matters for inclusion in the scheduling order at this time.

Dated: January 10, 2025

                              Respectfully submitted,

| | |
|---|---|
| */s/ Geoffrey H. Simpson* | |
| Geoffrey H. Simpson #988437 | MATTHEW M. GRAVES, D.C. Bar #481052 |
| Gilbert Employment Law, P.C. | United States Attorney |
| 8403 Colesville Rd. | |
| Suite 1000 | BRIAN P. HUDAK |
| Silver Spring, MD 20910 | Chief, Civil Division |
| Geoffrey H. Simpson | |
| gsimpson@gelawyer.com | BY: */s/ L'Shaunteé J. Robertson* |
| |     L'SHAUNTEE J. ROBERTSON |
| *Counsel for Plaintiff* |     DC Bar # 980248 |
| |     Assistant United States Attorney |
| |     601 D Street, N.W. |
| |     Washington, D.C. 20530 |
| |     Phone: (202) 252-1729 |
| |     lshauntee.robertson@usdoj.gov |
| | |
| | *Attorneys for the United States* |